**1**

PENNSYLVANIA FIRE INSURANCE CO., Plaintiff in Error, v. Leah MILES. (Circuit Court of Appeals, Eighth Circuit. February 10, 1925.) No. 6810. In Error to the District Court of the United States for the Eastern District of Missouri. John S. Leahy, Walter H. Saunders, and Lambert E. Walther, all of St. Louis, Mo., for plaintiff in error. Harry Newman, Francis M. Curlee, and Charles M. Hay, all of St. Louis, Mo., for defendant in error.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, per stipulation of parties.

———

**2**

Morris PERCANSKY, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. December 10, 1924.) No. 6634. In Error to the District Court of the United States for the District of Minnesota. For opinion below, see 298 F. 991. Erling Swenson, of Minneapolis, Minn., for plaintiff in error. Lafayette French, Jr., U. S. Atty., of St. Paul, Minn.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, under rules 23 and 24.

———

**3**

Max POTTASH et al., Plaintiffs in Error, v. BIRDS-HEILGERS-IRONSIDES, Inc., Defendant in Error. (Circuit Court of Appeals, Third Circuit. May 28, 1925.) No. 3280. In Error to the District Court of the United States for the Eastern District of Pennsylvania; Charles L. McKeehan, Judge. B. D. Oliensis and Francis Shunk Brown, both of Philadelphia, Pa., for plaintiffs in error. Covington & Moesel, of New York City, and Kirchner, Mitchell & White, of Philadelphia, Pa. (George B. Covington, of New York City, of counsel), for defendant in error. Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

BUFFINGTON, Circuit Judge. In the court below, the plaintiff, a corporate citizen of the state of New York, brought suit and recovered a verdict against the partnership of Pottash Bros., citizens of Pennsylvania. The action was for the contract price of 225 bales of burlap sold by plaintiff to defendants by three several written contracts. On entry of judgment the defendants sued out this writ of error. The first, and indeed the principal, question raised is as to the existence of any contract between the parties. Without entering into minor details, it suffices to say the proofs tended to show that after some preliminary negotiations between the parties a sale of the burlap was agreed upon and the plaintiffs, who did business in New York, reduced the agreement to writing under date of April 29, 1920, and forwarded the same by mail to the defendants at Philadelphia. The defendants' proofs as to what followed was that, on May 1st, Max Pottash, the defendant who acted for the firm in the matter, signed the contracts and wrote a letter of acceptance, and put them on his desk intending to examine further into them before sending them. He says he did this because he discovered that they con-

tained an "alongside" clause, namely, "The 'alongside' clause inserted in bills of lading at Calcutta shall govern shipments under this contract." On the following Monday, May 3d, Pottash took up the matter, and then, and the following days, had some telephone talks with the plaintiff's broker, and on May 12th wrote plaintiff. All of this culminated in plaintiff telegraphing defendants on May 15th: "Cancel objectionable clause in contract sign and send it on also please send letter of credit." On the same day Pottash took up the form of the contract with a view to striking out the objectionable clause, but discovered that one set of the signed duplicate contracts were missing. Evidently they had been sent to the plaintiff, for on May 17th it wired Pottash: "Disregard our telegram May fifteenth. Contracts are here. See your letter May first about letter credit and please send on." Pottash was the sole witness for the defendants, and he produced no one to give any explanation as to when, how, and by whom the contracts and acceptance came to be sent to the plaintiffs, and in addition thereto there was proof on the latter's part that during the subsequent dealings between the parties no mention or contention was made by the defendants that the signed contract was not in force, and that they never heard of such contention by the defendants until suit was brought. Under such proofs, we think it was the duty of the court to submit to the jury the question whether there was a consummated contract between the parties. Such submission it made, and in the fact of submission and the language employed to so do we find no error. After the burlap arrived, was tendered the defendants, and refused, it was arranged that, without prejudice to either party's rights, it should be sold. This was done, and some $40,000 realized. The controversy, therefore, narrowed itself to the right of the plaintiff to recover the difference between the amount so realized and the contract price. Without entering into details, we think the court in its charge and disposition of points fairly submitted to the jury the defendants' contention and the proofs bearing thereon that the defendants were not liable at all for such balance; that, if liable at all, the plaintiff had not obtained the market or fairest price, and had not done its full duty in selling under the stipulations. The verdict of the jury determined those points, and, finding no error, the judgment based on its verdict is affirmed.

———

**4**

William REVARD, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. December 2, 1924.) No. 6398. In Error to the District Court of the United States for the Western District of Oklahoma. William Robert Burns and William Pfeiffer, both of Oklahoma City, Okl., for plaintiff in error. James A. Ingraham, Asst. U. S. Atty., of Oklahoma City, Okl.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of defendant in error, under rule 23.